1  LAW OFFICE OF KEVIN M. WELCH
   Kevin M. Welch, (SBN 254565)
2  *Kevin@kmwlawoffice.com*
   P.O. Box 494
3  Hermosa Beach, CA 90245
   Tel.: (310) 929-0553
4  Fax: (310) 698-1626
5
   Attorney for the Plaintiff,
6  SKY BILLIARDS, INC.
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    EASTERN DIVISION
11

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOTSHOED.COM, INC., a New York Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114; Lanham Act 32);**<br><br>**(2) FEDERAL COUNTERFEITING (15 U.S.C. 1114(1)(a), 1116(d))**<br><br>**(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act §43(a));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(5) COMMON LAW UNFAIR COMPETITION; and**<br><br>**(7) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES – Page 1

1   Plaintiff, SKY BILLIARDS, INC. ("Sky") by and for its Complaint for
2  Damages, hereby alleges on personal knowledge as to its own actions, and upon
3  information and belief as to the actions of others, as follows:

## INTRODUCTION

5   1.  This is an action in law and equity for, *inter alia*, intentional
6  trademark infringement, counterfeiting, and unfair competition, knowingly
7  directed at Plaintiff Sky.

8   2.  Plaintiff Sky is a California based company that is in the business of
9  importing a wide variety of goods into the United States and selling such goods
10 throughout the United States via Internet websites such as www.amazon.com
11 under its federally registered trademark BEST CHOICE PRODUCTS, United
12 States federal trademark registration no.: 4346291.

13  3.  Each new product that Sky imports and wishes to sell on the Internet
14 website www.amazon.com must be registered and assigned a unique ASIN number
15 which stands for <u>A</u>mazon <u>S</u>tandard <u>I</u>dentification <u>N</u>umber.

16  4.  Each unique ASIN number identifies a specific product and that
17 product's source and/or affiliation; therefore, each product registered by Plaintiff
18 Sky is identified as being from and/or affiliated with Plaintiff Sky in the product
19 listing with the unambiguous designator "*By Best Choice Products.*"

20  5.  Plaintiff Sky takes great care in selecting and importing only goods
21 that meet Plaintiff Sky's high standards of craftsmanship and quality and Plaintiff
22 Sky invests time, money, and effort into its distribution infrastructure and customer
23 service such that consumers have grown to trust the trademark BEST CHOICE
24 PRODUCTS and associates the trademark with an efficient, satisfying, and high
25 quality purchasing experience.

26  6.  Plaintiff Sky believes that its investments of time, money, and effort
27 into its product selection, distribution infrastructure, and customer service has
28 caused its federally registered trademark, BEST CHOICE PRODUCTS, to amass

significant goodwill and that its investments have produced valuable returns in the form of repeat business and word-of-mouth marketing via satisfied customers.

7. Once a product receives its unique ASIN number designating that the product is "*By Best Choice Products,*" Plaintiff Sky spends further time and money ensuring that the product listing is highly visible in response to related customer searches which leads directly to increased sales.

8. Recently, it has come to the attention of Plaintiff SKY that Defendant GOTSHOED.COM, INC. ("GOTSHOED.COM") is intentionally and willfully attempting to profit from Plaintiff Sky's goodwill and reputation in bad faith by offering for sale and selling lower quality counterfeit products under Plaintiff Sky's federally registered trademark BEST CHOICE PRODUCTS through the website www.amazon.com under the seller identity "Gotshoed."

9. Defendant GOTSHOED.COM purposefully and knowingly misrepresented that its products are provided by and/or affiliated with Plaintiff Sky and is defrauding consumers who have come to expect high quality goods and customer service provided by Plaintiff Sky and is harming the goodwill associated with Plaintiff Sky's federally registered trademark, BEST CHOICE PRODUCTS, by falsely associating its inferior quality goods and customer service with those of Plaintiff Sky.

10. Further, Defendant GOTSHOED.COM is purposefully siphoning off sales from Plaintiff Sky by falsely claiming that its inferior quality products are identical to the products provided by Plaintiff SKY, and thereby enjoying the much higher profile search response than Defendant GOTSHOED.COM would otherwise experience if GOTSHOED.COM listed their product lawfully.

11. Plaintiff Sky sent Defendant GOTSHOED.COM a Cease & Desist letter on October 22, 2016 demanding Defendant GOTSHOED.COM refrain from any further use of Plaintiff Sky's federally registered trademark or any confusingly similar designation by October 28, 2016, and, subsequently, it appeared as if

GOTSHOED.COM stopped infringing, only to resume again soon thereafter.

12. Plaintiff Sky sent Defendant GOTSHOED.COM a second cease & desist letter on November 22, 2016 demanding, once again, that Defendant GOTSHOED.COM refrain from any further use of Plaintiff Sky's federally registered trademark or any confusingly similar designation, and, once again, it appeared as if GOTSHOED.COM stopped infringing only to resume again shortly thereafter.

13. With full knowledge that Plaintiff Sky owns a federal registration for the mark BEST CHOICE PRODUCTS, Defendant GOTSHOED.COM has chosen to continue its deceptive and unlawful practices.

14. Each time Defendant GOTSHOED.COM intentionally uses any one of Plaintiff Sky's ASIN numbers, Defendant GOTSHOED.COM is committing an unlawful act that is intentionally and knowingly directed at the California based company, Plaintiff Sky.

15. Defendant GOTSHOED.COM's unlawful behavior is targeted, intentional, and directed at Plaintiff Sky so that Defendant GOTSHOED.COM will either appear to be Plaintiff Sky or will appear to be affiliated with Plaintiff Sky.

16. Defendant GOTSHOED.COM's intentional use of the same ASIN number is an intentional effort to capitalize on Plaintiff Sky's product listing search visibility and siphon sales away from Plaintiff Sky by falsely suggesting that its product is identical and asking for a lower purchase prices, when in fact, GOTSHOED.COM's product is a much lower quality product.

17. Defendant GOTSHOED.COM's unlawful behavior was and is knowingly directed at and specifically designed to siphon business from and harm Plaintiff Sky.

18. Defendant GOTSHOED.COM's unlawful actions are performed with the full knowledge that such behavior is unlawful and is harming Plaintiff Sky, in fact, each counterfeit product listing posted by Defendant GOTSHOED.COM

using identical ASIN numbers as Plaintiff Sky displays the misleading and infringing words "*By Best Choice Products*" as a highlighted link that when selected leads directly to Plaintiff Sky's seller profile.

19. Plaintiff Sky is informed and believes, and based thereon alleges, that Defendant GOTSHOED.COM's infringing activity is systematic and willful and/or done with reckless disregard for Plaintiff Sky's intellectual property rights and asks that this Court enjoin Defendant GOTSHOED.COM's unlawful activities and pay appropriate damages pursuant to the above referenced federal and state statutes and common law.

## THE PARTIES

20. SKY BILLIARDS, INC. is a corporation formed under the laws of the state of California that maintains a principle place of business at 5642 E. Ontario Mills Pkwy, Ontario CA 91764.

21. Upon information and belief, GOTSHOED.COM is corporation formed under the laws of the state of New York that maintains a principal place of business at 1 Maiden lane 5th Fl, New York, new York, 10038.

22. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Plaintiff Sky, who therefore sues said defendants by fictitious names. Plaintiff Sky is informed and believes, and on such information and belief, alleges that each of the Defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true name, identity and capacity of such fictitiously designated defendants are ascertained, Plaintiff Sky will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

23. This is an action seeking permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based on several federal causes of action including intentional trademark infringement, counterfeiting, and the unfair competition. Defendant GOTSHOED.COM is knowingly directing its unlawful behavior at Plaintiff Sky by unlawfully utilizing Plaintiff Sky's federally registered trademark: BEST CHOICE PRODUCTS, reg. no.: 4346291. The harm from these unlawful acts is occurring in the State of California, and more specifically in the Central District of California.

24. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

25. This Court has jurisdiction over Defendant GOTSHOED.COM because, *inter alia*, Defendant GOTSHOED.COM maintains an office in the state of California and conducts business in the state of California and the Central District of California.

26. This Court has jurisdiction over Defendant GOTSHOED.COM because, *inter alia,* Defendant GOTSHOED.COM has purposefully directed its unlawful behavior at a California company, Plaintiff Sky, with full knowledge that Plaintiff Sky was a California based company and the harm would be suffered in the state of California.

27. This Court has personal jurisdiction over Defendant GOTSHOED.COM because, *inter alia*, Defendant GOTSHOED.COM conducts business in the State of California and the Central District through its advertising and sales to customers located in California and in the Central District, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

28. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. §1114 (LANHAM ACT §32)

29. Plaintiff Sky hereby incorporates by reference each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein, and makes the following allegations on information and belief.

30. Plaintiff Sky is the owner of United States federal trademark registration no.:4346291 for the mark BEST CHOICE PRODUCTS for: *Online retail store services featuring a wide variety of consumer goods* in international class 035.

31. Plaintiff Sky's U.S. federal trademark registration, no.: 4346291, is valid, subsisting, and in full force and effect.

32. Defendant GOTSHOED.COM is actively selling a variety of goods on the Internet including the website www.amazon.com using the seller identity "Gotshoed."

33. Defendant GOTSHOED.COM, through its seller identify "Gotshoed," purports to sell a Christmas Tree product that purports to be provided by and/or affiliated with BEST CHOICE PRODUCTS, such relationship is false.

34. Exhibit A shows a screenshot from the website www.amazon.com wherein the seller by the name of "Gotshoed" is offering to sell a "BEST CHOICE PRODUCTS 6' Premium Hinged Artificial Christmas Pine Tree With Solid Metal Legs 1000 Tips Full Tree" provided "*by Best Choice Products.*"

35. Exhibit B shows a side by side comparison of the Christmas tree product sold Gotshoed (on left) and the Christmas tree product sold by Sky (on right) showing a very visible difference in quality.

36. Defendant GOTSHOED.COM's conduct is likely to cause confusion, to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendant GOTSHOED.COM's goods and services, and is likely to create the false impression that Defendant GOTSHOED.COM's goods and services are authorized, sponsored, endorsed, or licensed by, or affiliated with Plaintiff Sky.

37. Defendant GOTSHOED.COM's conduct is willful, in bad faith, and with full knowledge that Defendant GOTSHOED.COM has no right, license, or authority to use the trademark BEST CHOICE PRODUCTS, or any other designation similar thereto.

38. Defendant GOTSHOED.COM's conduct is intended to reap the benefit of the goodwill that Sky has amassed in the marks BEST CHOICE PRODUCTS, and constitutes infringement of Plaintiff Sky's federally registered trademarks in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

39. Because Defendant GOTSHOED.COM is using Plaintiff Sky's identical trademark, BEST CHOICE PRODUCTS, in connection with U.S. commerce in an unauthorized manner, Defendant GOTSHOED.COM has caused and is causing substantial irreparable harm to the goodwill associated with Plaintiff Sky's federally registered mark and will continue to damage Plaintiff Sky, and to deceive consumers unless enjoined by this Court.

40. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant GOTSHOED.COM's continued unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, Plaintiff Sky's trademark BEST CHOICE PRODUCTS.

## COUNT II
## FEDERAL COUNTERFEITING
## 15 U.S.C. 1114(1)(a), 1116(d)

41. Plaintiff Sky hereby incorporates by reference each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein, and makes the following allegations on information and belief.

42. Plaintiff Sky is the owner of the federally registered trademark BEST CHOICE PRODUCTS, reg. no.: 4346291.

43. Defendant GOTSHOED.COM offered to sell goods and services on the Internet under the identical trademark, BEST CHOICE PRODUCTS, without the authorization or permission from Sky.

44. The product that GOTSHOED.COM is offering to sell, selling, and purporting to be "*By Best Choice Products*" is not associated or affiliated with Plaintiff Sky in any way and is of a far lower quality than the product offered by Plaintiff Sky.

45. Defendant GOTSHOED.COM's use of the trademark, BEST CHOICE PRODUCTS, is a spurious and intentional act to benefit from the goodwill, popularity, reputation, and demand for goods associated with the trademark BEST CHOICE PRODUCTS.

46. Defendant GOTSHOED.COM is currently, and have at all times relevant to this action, been aware that the trademark BEST CHOICE PRODUCTS is owned by Plaintiff Sky, and that Defendant GOTSHOED.COM does not have Plaintiff Sky's authorization or permission to use Plaintiff Sky's trademark.

47. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant GOTSHOED.COM's continuous sale and offer for sale of counterfeit goods.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a) (LANHAM ACT §43(a))

48. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. The conduct of Defendant GOTSHOED.COM is likely to cause confusion, to cause mistake and/or to deceive consumers as to the origin, source, and/or sponsorship of the services provided by Defendant GOTSHOED.COM, and is likely to create the false impression that such services are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff Sky, the owner of the trademark BEST CHOICE PRODUCTS and is generally unfair and deceptive.

50. The conduct of Defendant GOTSHOED.COM constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of §42(a) of the Lanham Act, 15 U.S.C. §1125(a).

51. Because Defendant GOTSHOED.COM is using a mark that is confusingly similar to the trademark BEST CHOICE PRODUCTS in connection with U.S. commerce in an unauthorized manner, Defendant GOTSHOED.COM has caused and is causing substantial irreparable harm to Plaintiff Sky and its federally registered trademark and will continue to damage Plaintiff Sky, and to deceive consumers, unless enjoined by this Court.

52. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant GOTSHOED.COM's continued use of a trademark in commerce that is confusingly similar to Plaintiff Sky's trademark, BEST CHOICE PRODUCTS.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

54. Plaintiff Sky has used its trademark, BEST CHOICE PRODUCTS, to sell goods on the Internet throughout the United States at least as early as March 8, 2006.

55. Plaintiff Sky's trademark, BEST CHOICE PRODUCTS, is inherently distinctive; therefore, common law trademark rights vested with Plaintiff Sky as soon as Plaintiff Sky began using the trademark in U.S. commerce.

56. With full knowledge of Plaintiff Sky's trademark, BEST CHOICE PRODUCTS, Defendant GOTSHOED.COM subsequently began using an identical trademark in U.S. commerce in conjunction with identical or substantially similar goods.

57. The conduct of Defendant GOTSHOED.COM is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendant GOTSHOED.COM's goods and services, and is likely to create the false impression that Defendant GOTSHOED.COM's goods and services are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff Sky.

58. Defendant GOTSHOED.COM had actual knowledge of Plaintiff Sky's exclusive rights in its trademark BEST CHOICE PRODUCTS prior to using the identical mark in U.S. commerce.

59. The conduct of Defendant GOTSHOED.COM is willful, in bad faith, and with full knowledge that Defendant GOTSHOED.COM has no right, license or authority to use Plaintiff Sky's trademark or any other designation similar thereto.

60. The conduct of Defendant GOTSHOED.COM is intended to reap the benefits of the goodwill that Plaintiff Sky has created in its trademarks, and constitutes an infringement of Plaintiff Sky's trademarks.

61. Because Defendant GOTSHOED.COM is using the trademark BEST CHOICE PRODUCTS in connection with similar goods of inferior quality sold on the Internet in an unauthorized manner, Defendant GOTSHOED.COM has caused and is causing substantial irreparable harm to the distinctiveness and goodwill associated with Plaintiff Sky's common law trademarks and will continue to damage Plaintiff Sky, and to deceive consumers, unless enjoined by this Court.

62. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant GOTSHOED.COM's continued use of the trademark BEST CHOICE PRODUCTS, in U.S. commerce.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

63. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. The unlawful conduct of Defendant GOTSHOED.COM is likely to continue to cause confusion, to cause mistake and deceive consumers as to the origin, source, or sponsorship of goods provided by Defendant GOTSHOED.COM in connection with the trademark BEST CHOICE PRODUCTS, and is likely to create the false impression that the services provided by Defendant GOTSHOED.COM are sponsored by or affiliated with Plaintiff Sky.

65. The conduct of Defendant GOTSHOED.COM constitutes unfair competition in violation of the common law of California and other states.

66. The conduct of Defendant GOTSHOED.COM is willful, in bad faith, and with full knowledge that Defendant GOTSHOED.COM has no right, license and/or authority to use the trademark BEST CHOICE PRODUCTS, or any other designation confusingly similar thereto.

67. Because Defendant GOTSHOED.COM is using the trademark BEST CHOICE PRODUCTS in connection with the sale or offer for sale of similar goods of inferior qaulity, Defendant GOTSHOED.COM has caused and is causing substantial irreparable harm to Plaintiff Sky and will continue to damage Plaintiff Sky, and to deceive the consuming public, unless restrained and permanently enjoined by this Court.

68. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by the Defendant GOTSHOED.COM's continued use of unfair business practices.

## COUNT VII
## CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code §17200

69. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. The unlawful conduct of Defendant GOTSHOED.COM, as alleged above, also constitute unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

71. The wrongful acts of Defendant GOTSHOED.COM proximately caused, and will continue to cause substantial injury to Plaintiff Sky including confusion of potential customers, injury to reputation, and diminution of the value of Plaintiff Sky's trademark BEST CHOICE PRODUCTS. These actions will cause imminent irreparable harm and injury to Plaintiff Sky, the amount of which has not been ascertained, if Defendant GOTSHOED.COM's acts continue.

72. As a direct and proximate result of the wrongful acts of Defendant GOTSHOED.COM, Plaintiff Sky has been damaged, and is entitled to injunctive relief and restitution in an amount proven at trial. The acts of Defendant GOTSHOED.COM, described herein, irreparably injure Plaintiff Sky's business,

1  reputation and goodwill, and will continue to do so unless restrained and
2  permanently enjoined by this Court.
3      73.   Plaintiff Sky has no adequate remedy at law to address the continued
4  harm to its reputation and goodwill caused by Defendant GOTSHOED.COM's
5  continued use of a trademark in commerce that is identical, and therefore
6  confusingly similar to, Plaintiff Sky's federally registered trademark BEST
7  CHOICE PRODUCTS.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Sky respectfully requests the following relief;

A.   A permanent injunction prohibiting Defendant GOTSHOED.COM, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the trademark BEST CHOICE PRODUCTS, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling similar goods in the United States, and from otherwise infringing the U.S federal trademark registration no: 4346291;

B.   An accounting for all profits acquired by Defendant GOTSHOED.COM through sales of goods or services in conjunction with the unlawful use of U.S. federal trademark registration nos.: 4346291;

C.   An award of $250,000 for damage to the goodwill and reputation of Plaintiff Sky's federally registered trademark BEST CHOICE PRODUCTS, reg. no: 4346291;

D.   An award of statutory damages in accordance with 15 U.SC. § 1117(c)(2) of $2,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed;

   E.   An award of treble damages or other enhanced monetary remedies paid to Plaintiff Sky;

   F.   An award of attorneys' fees and cost paid to Plaintiff Sky; and

   G.   Any such further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated this eighteenth day of December, 2016

By: _____
Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.